UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARVIN DUMALIANG,

Petitioner,

v.                                                 CAUSE NO. 3:26-CV-609-CCB-SJF

BRIAN ENGLISH,

Respondent.

<u>ORDER</u>

Immigration detainee Marvin Dumaliang, representing himself, filed a petition

for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in

violation of the laws or Constitution of the United States. Pursuant to Section 2254

Habeas Corpus Rule 4, which the court may apply to petitions under § 2241, the court

must dismiss the petition "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court."

Dumaliang alleges he was taken into immigration custody on September 29,

2025, and was ordered removed on April 9, 2026. He says did not appeal to the Board of

Immigration Appeals.

Dumaliang filed this petition in May 2026, alleging his detention was unlawful

because there was no reason to revoke his prior bond and re-detain him. He argues he

had a right to notice and an opportunity to respond before his bond was revoked.

Finally, he complains that he has been in detention longer than the 90 days he believes

is permitted.

Because Dumaliang is subject to an order of removal that has become administratively final, the basis for his detention has shifted from 8 U.S.C. § 1226 (governing detention while removal proceedings are pending) to 8 U.S.C. § 1231 (governing detention while the government effectuates a removal order). Therefore, the alleged violations governing his re-detention during his removal proceedings have no bearing on the lawfulness of his current detention. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) ("A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.") (quotation marks omitted).

In looking at his current detention, by statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. 1231(a)(1), (a)(2). This 90-day period is measured from the beginning of the removal period, not from the beginning of detention. The removal period begins on the latest of three events: (1) when the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). Because Dumaliang did not file an appeal to the Board of Immigration Appeals, his April 9, 2026 removal order became final either the day it was issued, if he waived his right to appeal, *see* 8 C.F.R. § 1241.1(b), or thirty days later, around May 9, 2026, when the time to appeal to the

Board of Immigration Appeals expired. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b) (2025).[1] In either case, when he filed this petition in May 2026, he was still in the 90-day removal period, during which detention is mandatory.[2] Therefore, his detention is mandated by 8 U.S.C. § 1231(a)(2), and the court may not order his release.

As a final matter, the court observes that "for detention to remain reasonable, as the period of prior postremoval [order] confinement grows, what counts as the reasonably foreseeable future conversely would have to shrink." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). While Dumaliang may not be entitled to habeas relief now, it does not prevent him from seeking habeas relief at some later date if the government continues to detain him for a significant period of time.

For these reasons, the court **DENIES** the petition (ECF 1) and **DIRECTS** the clerk to close this case.

SO ORDERED on June 26, 2026.

 /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The deadline to file an appeal was shorted to 10 days, effective March 9, 2026. *See* Appellate Procedures for the Board of Immigration Appeals, 91 FR 5267-01. The 10-day deadline was invalidated in *Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, -- F. Supp. 3d --, No. CV 26-696 (RDM), 2026 WL 662494, at *30 (D.D.C. Mar. 8, 2026).

[2] Even after this 90-day period, continued detention is authorized under 8 U.S.C. § 1231(a)(6) for several groups of noncitizens for "a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Because Dumaliang is still in the removal period, it is unnecessary to discuss this possibility further.